## PIERCE vs. MORGAN.

Eastern Dist.
Feb'ary, 1828.

APPEAL from the court of the parish and city of New Orleans.

The purchaser of 3 lots, who is disturbed in the possession of one of them, cannot suspend the payment of the price of the other two

MATTHEWS, J. delivered the opinion of the court. In this case the plaintiff obtained an injunction, by which the sale of certain property, seized, in his possession, under an order granted at the instance of one Susanna Hepp, as hypothecary creditor, was suspended. On hearing the cause, the court below dissolved said injunction, and from the decree of dissolution the plaintiffs appealed, &c.

The evidence of the case shews, that Mrs. Hepp became the proprietor of the debt on which this order of seizure was issued, by regular transfer under authentic act, and endorsement of the mortgage and notes which had been given by one Nichols, to secure the payment of the price of three lots of ground situated on the batture in front of fauxbourg Saulet, designated in a plan of the place by Nos. 19, 20 and 21. Nichols sold these lots to the plaintiff, who possesses them under this sale, and has commenced the erection of a steam saw-mill thereon. The two first, Nos. 19 and 20 were sold to Nichols by S. B. Bennet, and

Eastern Dis.
*february* 1828

PIERCE
*vs.*
MORGAN.

also, one-half of the lot No. 21; the other half being sold and conveyed by the widow and heirs of George Hunter; the act of sale was executed on the 25th of January, 1825, in which George H. Hunter appeared, and sold as one of these heirs, but had previously failed, and surrendered his estate, which was held by syndics, to be disposed of for the benefit of his creditors. In consequence of this surrender and proceedings in the *concurso*, the interest which the insolvent had in the lot No. 21 being 1-10th, has been sold at auction, and brought the price of $700. The injunction was obtained to prevent the injury which the last purchaser and third possessor of the property was liable to suffer from this claim of the creditors of George H. Hunter. Previous to the dissolution of said injunction an actual disturbance took place, by the sale of his interest, made by order of the syndic, and the amount of loss to the possessor, ascertained to be 700 dollars.

According to this statement of the case, we are of opinion, that the parish court erred in dissolving the injunction *in toto*. Admitting that the cause must be determined by the law on this subject, as it existed, and had been in-

terpreted, by decisions previous to the adop-
tion of the Louisiana code, still the plaintiff
ought to be relieved against an injury, not only
probable in consequence of judicial proceed-
ings having been commenced, calculated to af-
fect a part of the property which he holds
*bona fide*, but certain and fixed, as to amount
by actual sale under those proceedings.

As there is no incumbrance or disturbance
shewn in relation to the two lots Nos. 19 and
20, the sheriff should be permitted to proceed
without injunction to sell them for the purpose
of effecting payment of their price. The cir-
cumstance of the present proprietor and pos-
sessor having consolidated the three lots into a
single tract or space of ground, to suit his own
convenience, cannot affect the rights which the
vendors retained on them separately to secure
payment of the price for which they were sold.
In the sale to be made under the seizure of lot
No. 21, the present value of George H. Hun-
ter's share, which appears to be lost to the
plaintiff in the injunction, and is shewn by pub-
lic sale to amount to 700 dollars, should be
deducted from the original price for which said
lot was sold to Nichols, and by him mortga-
ged, &c.

Eastern Dist-
Feb'ary,1828.

PIERCE
*vs.*
MORGAN.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, by which the injunction heretofore granted was entirely dissolved. And proceeding here to make such judgment and decree, as, in our opinion, ought to have been rendered in the court below, after hearing the cause on its merits; it is ordered and adjudged, that the injunction granted in the first instance by the parish court be entirely dissolved, so far as it stayed the sale of lots Nos. 19 and 20, which form a part of the matters in dispute; and it is further ordered and decreed, that it be made perpetual, to the extent of seven hundred dollars, on the amount claimed by the plaintiff, in execution, as the price of lot No. 21, and that said injunction be dissolved as to the balance of the price of said last mentioned lot, to satisfy which, the sheriff may legally proceed to sell: the appellees to pay costs of this appeal.

*Lockett* for the plaintiff, *McCaleb* for the defendant.